TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Rodnesia Love

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Rodnesia Love,<br><br>          Plaintiff,<br><br>   vs.<br><br>Uber Technologies, Inc.,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Rodnesia Love (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Defendant, Uber Technologies, Inc. and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

3. Plaintiff is an adult individual residing in Lafayette, Indiana, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Uber Technologies, Inc. ("Uber" or "Defendant"), is a Delaware corporation with its headquarters and principal place business at 1455 Market Street, 4th Floor, San Francisco, California 94103, and is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

5. In 2018, Plaintiff began working for Uber as a driver for its food-delivery platform, Uber Eats.

6. On or around March 29, 2020, Plaintiff was deactivated from Uber Eats.

7. However, on or around April 23, 2020, Uber requested a background screening on Plaintiff, despite the fact that Plaintiff no longer worked for Uber.

8. Uber did not disclose to Plaintiff that it was going to procure the background check report, and Uber did not obtain Plaintiff's prior written authorization to run a background check on Plaintiff after she was deactivated from the Uber Eats platform.

9. At Uber's request, Checkr, Inc. ran a background check on Plaintiff and submitted a background report dated April 23, 2020, to Uber. The background report indicated that Plaintiff had been arrested for "Residential Entry."

10. The unauthorized background report contained information damaging to Plaintiff's character and reputation and invaded her privacy.

11. As a direct consequence of Uber's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681, *et seq.* by DEFENDANT UBER

12. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. 15 U.S.C. § 1681b(b)(2)(A) provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes

with respect to any consumer, unless (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

16. Uber violated § 1681b(b)(2)(A) of the FCRA by procuring a background screening report on Plaintiff for employment purposes without first disclosing to Plaintiff that such a report would be procured, and without obtaining Plaintiff's written authorization to procure said report

17. As a result of Uber's violations of §§ 1681b(b)(2)(A) of the FCRA, Plaintiff is entitled to damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Uber for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 5, 2020                    TRINETTE G. KENT

By:   */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Rodnesia Love